## HACKETT vs. SAWYER.

Where the plaintiff claimed title under a deed from one B. to his ancestor, dated in January, 1811, which conveyed a certain lot of land "except fifty acres by measure off of the S. W. end of said lot;" and where, having proved a deed, dated July, 1810, from said B. to one C., conveying the fifty acres excepted as above, and stating generally how the dividing line was to run, the defendant also offered in evidence a deed, duly executed and acknowledged, but not recorded, it being a deed from said C. to the defendant's ancestor, and dated November, 1811, it was—*Held*, that the last named deed, though unrecorded, was admissible to show the defendant's title to the fifty acres excepted in said deed from B. to the plaintiff's ancestor.

In an action for trespass on a certain day named, where the parties were adjoining proprietors, it is not admissible, in order to show where the dividing line was at the time of the alleged trespass, to introduce an award founded on a subsequent agreement between the parties, whereby it was left out to referees to establish the bounds, and agreeing to abide by their decision for the future.

TRESPASS, for breaking and entering the plaintiff's close, being part of lot No. 15, in the fourth range in Gilmanton, on the first day of January, 1838, and carrying away certain mill logs, &c.

To shew his title to the *locus in quo*, the plaintiff put in a deed from one Badger to one Young, the plaintiff's ancestor, dated January 15, 1811, conveying to him "all of lot No. 15, in the 4th range, except fifty acres by measure off of the south-west end of said lot." There was evidence tending to show that the defendant took the logs in that part of the lot conveyed by said deed.

The defendant offered a deed from said Badger to one Clark, dated July 2, 1810, conveying to him "50 acres by measure off of the south-west end of lot No. 15, in the 4th range of lots in Gilmanton; the dividing line of the said 50 acres, and the remaining part of the lot that is unsold, is to be parallel with the end or range line of said lot." He also offered evidence to shew that said Badger and Clark, at the time of the first conveyance, surveyed off to Clark the 50 acres, and established and marked the dividing line, and that Young knew of the prior deed and dividing line before he

purchased the residue of the lot. The defendant also offered a deed from said Clark to one J. Sawyer, the defendant's ancestor, dated and acknowledged November 29, 1811, but never recorded; to the admission of which, the plaintiff having objected, took an exception.

To rebut the evidence offered by the defendant as to a dividing line having been established by Badger and Clark, the plaintiff offered an agreement, signed by the parties to this action, and dated at Gilmanton, April 15, 1839, in these words:

"Memorandum of an agreement between undersigned: that is to say, we have agreed to leave it to Stephen Weeks and Joseph Weymouth to measure off the 50 acres of land off of the south-west end of the lot that Jeremiah Sawyer has a deed of, agreeable to said deed, and to make the metes and bounds; and we agree to abide their doings, and have the bounds by them established for the future."

There was on the back of said writing, another, signed by said Weeks and Weymouth, dated at Gilmanton, April 19, 1839, commencing in these words: "We, the undersigned, having attended to the duties assigned us by the within agreement, hereby report that we have measured off 50 acres of land off of the southwesterly end of lot No. 15, by extending a line," (&c., &c., going on to give the particulars as to the line.)

The defendant, having objected to the admission of this paper, the court ruled that, inasmuch as it seemed to be an attempt to settle and compromise a dispute existing at the date, (1839), it was not admissible to prove how the line was at the prior time of the alleged trespass, nor to shew that there was any dispute about the line at any time prior to its date. To which ruling the plaintiff excepted.

*Hazelton* and *Christie*, for the plaintiff.

*W. C. Clarke,* for the defendant.

PARKER, C. J. Both rulings of the court in this case were right. There is no doubt that the deed from Clark to J. Sawyer, though not recorded, was admissible evidence to shew the defendant's title to the fifty acres excepted in the deed to Badger.

As to the agreement and award, their only effect was to establish a dividing line for the then future ; but they could not be evidence to shew what the line was at the time of the alleged trespass, more than a year previous. They were clearly inadmissible.

*Exceptions overruled.*